UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| WILLIAM WARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-388-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MIKE HARRIS, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff William Ward is currently confined in the Pulaski County Detention Center ("PCDC") located in Somerset, Kentucky. Ward has submitted a prisoner *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] He also filed an "Application to Proceed *In Forma Pauperis*" which the Court has addressed by separate Order. This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the Plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. §1915(e)(2), a district court

---

[1] To establish a right to relief under §1983, a plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must show that the Defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

is authorized to dismiss a case at any time if it determines that the action is (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## DEFENDANTS AND CLAIMS

Plaintiff named the following Defendants: (1) Mike Harris, Jailer of the PCDC; and (2) Jimmy Wilson, whom the Plaintiff identifies as "Major" of the PCDC. Plaintiff complains of jail overcrowding at the PCDC. Based upon a November 14, 2007 letter [Record No. 7] from the Kentucky Department of Corrections ("KDOC") to the Plaintiff, it appears that the Plaintiff is a Class D felon who is being housed in the PCDC (a county jail) in accordance with the provisions of KRS 532.100 (4) (a) or (b).[2] As it appears the Plaintiff may be a convicted felon and not a pre-trial detainee, his challenge to the conditions of his confinement falls under the Eighth Amendment of the United States Constitution, which forbids cruel and unusual punishment.

The Plaintiff apparently filed a grievance with the KDOC about the alleged overcrowding at the PCDC. In the KDOC's November 14, 2007 letter to the Plaintiff, Chuck Hughes, Jail Service Specialist, responded to the Plaintiff's overcrowding complaint by stating as follows: "It is regrettable that you have been housed on the floor, but overcrowding occurs. If you can't do the time, stay out of jail." [Record No. 7].

## RELIEF REQUESTED

The Plaintiff seeks no specific relief. In response to the question in the Complaint Form whish aks prisoners to identify the relief sought, the Plaintiff responded as follows: " I have been

---

[2] KRS. 523.100(4) permits county jails to house Class "D" felons under conditions specified in the statute.

here 24 months, and had my civil rights violated many ways I fiel {sic} I should receive something for it." [Complaint, Record No. 2, p.8].

## DISCUSSION

The pro se Plaintiff fails to inform the Court what relief he seeks as result of his civil complaint. Does he seek damages? Does he seek injunctive relief? The Court can not determine the answer to these questions, because he has not stated what relief he seeks. The Court must dismiss this action without prejudice, for failure to specify any relief sought.

*Pro se* litigants are to be held to less stringent standards than trained lawyers. While a *pro se* complaint is to be given generous construction, "the principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475 89 L. Ed.2d 729 (1986). In discussing the most basic requirement of *pro se* complaints, the *Beaudett* court opined as follows:

> *Gordon* [*v. Leeke*, 574 F.2d 1147 (4th Cir. 1978)] directs district courts to construe *pro se* complaints liberally. It does not require those courts to conjure up questions never squarely presented to them. District Judges are not mind readers.

*Beaudett*, at 1278.

Fed. R. Civ. P. 8(a)(3) requires that a complaint contain "a demand for judgment for the relief the pleader seeks." *Id*. In *Gill v. Tillman*, 2001 WL 395051 (S.D. Ala. 2001), the *pro se* plaintiff's requested relief in his complaint was: "Relief to be determined as the case proceeds." The district court ruled that this relief failed to constitute a demand for judgment in compliance with Fed. R. Civ. P. 8(a)(3) and that, consequently, the plaintiff's complaint failed to state a claim upon which relief could be granted.

*Tillman* relied on *Goldsmith v. City of Atmore*, 996 F.2d 1155 (11th Cir. 1993). In finding the plaintiff's central complaint was deficient and violated Rule 8(a)(3)'s requirement that the complaint contain a demand for judgment, the *Goldsmith* court stated as follows:

> "[Rule 8(a)(3)'s] requirement is not arduous – any concise statement identifying the remedies and the parties against whom relief is sought will be sufficient." (quoting 5 Charles A. Wright & Arthur Miller, Federal Practice § 1255 at 366 (2d ed. 1990).

*Goldsmith* at 1161. Failure to demand any form of relief justifies dismissal without prejudice. *See also Player v. Phoenix*, 1992 WL 350780 at *1 (S.D. N.Y. Nov. 13, 1992) (unpublished) (action dismissed *sua sponte* for failure to state claim due to the lack of demand for judgment in the amended complaint); and *Dupree v. Lubbock County Jail*, 805 F. Supp. 20, 21 (N.D. Tex. 1992) (action dismissed *sua sponte* for failure to state a claim because no demand for judgment set forth in complaint).

For these reasons, Ward's complaint fails to state a claim upon which relief can be granted. The complaint will be dismissed without prejudice under 28 U.S.C. § 1915(e).[3]

## CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED** that this action is **DISMISSED**, without prejudice.

This 24th day of December, 2007.



Signed By:
Danny C. Reeves DCR
United States District Judge

---

[3] The Plaintiff may file a new action specifying the relief he seeks.